Tuan V. Uong (SBN 272447)
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
E-mail: tuong@reedsmith.com

Attorneys for Defendant Credit One
d/b/a Credit One Bank, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Jennifer Brock,<br><br>          Plaintiff,<br><br>vs.<br><br>Credit One Financial d/b/a Credit One Bank; and Equifax, Inc.,<br><br>          Defendant. | Case No.: 2:18-cv-01937-KJM-EFB<br><br>**DEFENDANT CREDIT ONE BANK, N.A.'S ANSWER TO THE COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Compl. Filed:   July 13, 2018 |

Defendant Credit One Financial d/b/a Credit One Bank, N.A. ("Credit One") by and through its undersigned counsel, files its Answer and Defenses to Plaintiff Jennifer Brock's ("Plaintiff") Complaint as follows:

## **JURISDICTION**

1. In responding to Paragraph 1, Credit One states that FCRA speaks for itself and to the extent Plaintiff misquotes, misstates, or otherwise mischaracterizes its content, the allegations are denied.  Credit One denies that it violated federal law and denies Plaintiff's entitlement to any relief.

– 1 –

2. In responding to Paragraph 2, Credit One states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Credit One denies the allegations in Paragraph 2.

3. In responding to Paragraph 3, Credit One states that this Paragraph does not contain factual allegations against Credit One and therefore no response is required. To the extent a response is required, Credit One denies the allegations in Paragraph 3.

4. In responding to Paragraph 4, Credit One states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Credit One denies the allegations in Paragraph 4.

## PARTIES

5. Credit One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies those allegations.

6. In response to Paragraph 6, Credit One is a nationally chartered bank with its principal place of business in Las Vegas, Nevada. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Credit One denies the allegations.

7. Credit One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies those allegations.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Credit One denies the allegations in Paragraph 8.

9. Credit One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies those allegations.

10. Credit One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies those allegations.

11. Credit One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies those allegations.

12. In response to Paragraph 12, Credit One admits that it received an ACDV from Equifax.

13. Credit One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies those allegations.

14. Credit One denies the allegations in Paragraph 14.

15. Credit One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies those allegations.

16. Credit One denies the allegations in Paragraph 16.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, *et seq.* by THE DEFENDANTS

17. Credit One reasserts and realleges its responses and defenses to Paragraphs 1-17, which it incorporates herein by reference.

18. Credit One denies the allegations in Paragraph 18, including subsections (a) through (c).

19. Credit One denies the allegations in Paragraph 19.

20. Credit One denies the allegations in Paragraph 20.

21. Credit One denies the allegations in Paragraph 21.

22. Credit One denies the allegations in Paragraph 22.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Credit One pleads the following defenses to the Complaint:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim against Credit One upon which relief can be granted.

### Second Affirmative Defense

At all pertinent times, Credit One maintained reasonable procedures to assure maximum possible accuracy in furnishing credit information to consumer reporting agencies.

### Third Affirmative Defense

Plaintiff's damages, if any, were not caused by Credit One, but by another person or entity for whom or for which Credit One is not responsible.

### Fourth Affirmative Defense

Credit One has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit information and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### Fifth Affirmative Defense

At all relevant times herein, the Plaintiff's alleged damages, which Credit One denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

### Sixth Affirmative Defense

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

DEFENDANT CREDIT ONE BANK, N.A.'S ANSWER TO THE COMPLAINT

### Seventh Affirmative Defense

Credit One adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

### Eighth Affirmative Defense

Plaintiff lacks standing to assert the claim he attempts to allege in the Complaint.

### Ninth Affirmative Defense

Plaintiff's claims are or may be barred in whole or part by the statute of limitations.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Eleventh Affirmative Defense

Plaintiff, by reason of his own actions and conduct, is barred from recovery on the grounds that Plaintiff has waived his rights and/or is estopped from asserting the claims alleged in the Complaint.

### Twelfth Affirmative Defense

Credit One specifically denies acting with any willful, oppressive, fraud, or malice towards Plaintiff.

### Thirteenth Affirmative Defense

Credit One at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Credit One.

### Fourteenth Affirmative Defense

Although Credit One denies any liability in this matter, Credit One contends that any alleged acts or omissions of Credit One giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures

implemented by Credit One.  Credit One acted in a reasonable manner in connection with the transaction at issue in this action.

### Fifteenth Affirmative Defense

Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate his alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

### Sixteenth Affirmative Defense

Plaintiff has suffered no legally cognizable losses or damages.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### Eighteenth Affirmative Defense

Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

### Nineteenth Affirmative Defense

Credit One expressly reserves its right to compel arbitration pursuant to the parties' application agreement.

### Twentieh Affirmative Defense

Credit One has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Credit One expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Credit One prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action;

(3) it have a trial by jury for all issues so triable;

(4) it recover such other and additional relief as the Court deems just and appropriate.

DATED:  October 17, 2018

REED SMITH LLP

By: /s/ Tuan Uong
    Tuan Uong
    Attorneys for Defendant Credit One Bank